**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2018[*]
Decided May 7, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-1128

| | |
|---|---|
| JILL OTIS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 17-C-1767 |
| STATE OF WISCONSIN, et al., *Defendants-Appellees*. | Lynn Adelman, *Judge*. |

**O R D E R**

Jill Otis appeals the dismissal at screening, 28 U.S.C. § 1915(e)(2)(B), of her complaint for lack of jurisdiction. She challenges a Wisconsin state-court decision terminating her parental rights and placing her child first with the child's father and later in foster care. She sued the State of Wisconsin, Racine County, the county's Human Services Department, and a department employee. The district judge, adopting a magistrate judge's report and recommendation, dismissed the case for lack of

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

subject-matter jurisdiction because the parties are not diverse and Otis alleged an amount in controversy less than the jurisdictional minimum, *see* 28 U.S.C. § 1332(a). After the judgment was entered, Otis filed a motion for reconsideration with the district court alleging $80,000 in damages, but the district judge denied the motion because it did not "show grounds for setting aside the order or judgment."

Otis's appellate brief is difficult to parse but her complaint was properly dismissed for lack of subject-matter jurisdiction. The party asserting jurisdiction bears the burden of establishing that it exists. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). In her complaint Otis said that she is a citizen of Wisconsin. She did not allege the citizenship of the other parties until she received the magistrate judge's recommendation to the district judge to dismiss the case. At that point she asserted only that the state employee whom she sued was a citizen of Wisconsin. Because the plaintiff must assert that adverse parties are citizens of different states in order to establish jurisdiction under the diversity statute, *see* 28 U.S.C. § 1332(a)(1), Otis has not cured the fatal jurisdictional defect.

AFFIRMED